[See Case No. 16,469.]

## Case No. 16,469.

### UNITED STATES v. THIRTY-SIX BARRELS OF HIGH WINES.

[7 Blatchf. 469;[1] 12 Int. Rev. Rec. 41.]

Circuit Court, N. D. New York. June, 1870.

INTERNAL REVENUE—FRAUDS BY DISTILLER—EVIDENCE OF FALSE RETURNS—PRIOR SEIZURES.

1. Where property was seized on the 30th of October, as forfeited to the United States, for a violation of the provisions of section 48 of the act of June 30, 1864 (13 Stat. 240), as amended by section 9 of the act of July 13, 1866 (14 Stat. 111), held, that. in order to show an intent on the part of the claimants, in October, to defraud the government and evade the payment of the tax on spirits distilled by them, it was not erroneous to admit evidence showing that, in and through each of the seven months preceding October, down to the time of the seizure, the claimants made false returns of spirits made and materials used by them.

[Cited in U. S. v. Eighteen Barrels of High Wines, Case No. 15,033; U. S. v. Quantity of Tobacco, Id. 16,106; Tyler v. Angevine, Id. 14,306.]

2. The fact that nearly all of the same property had been seized a month previously, as for-

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

feited for like fraudulent practices, and that a suit to enforce such forfeiture was pending and at issue, formed no objection to the reception of such evidence.

[In error to the district court of the United States for the Northern district of New York.]

William Dorsheimer, U. S. Dist. Atty.
John Snow, for claimants.

WOODRUFF, Circuit Judge. In this case, each of the parties has brought a writ of error to this court, from the judgment entered upon a verdict rendered for the plaintiffs in the district court. [Case unreported.] In my opinion upon the bill of exceptions taken by the plaintiffs to the alleged error of the court in excluding a portion of the property whereof condemnation was sought, from the consideration of the jury [Case No. 16,468], I have stated the case very fully. For the understanding of the case presented by the claimants' allegations of error, it will suffice to say, that the proceeding is for the condemnation of the property of the claimants, under the 48th section of the internal revenue act of June 30, 1864 (13 Stat. 240), as amended by section 9 of the act of July 13, 1866 (14 Stat. 111). The alleged cause of condemnation or ground of forfeiture was, that, the claimants being distillers, property mentioned in the information was found in their possession or custody, or within their control, in or upon the distillery premises, for the purpose of being sold or removed by the claimants in fraud of the said internal revenue laws, and with design to avoid payment of the taxes thereon, by reason whereof the same and the raw materials, tools, implements and personal property in the building or enclosure, &c., became and were forfeited to the United States. On the trial, the jury rendered a verdict for the plaintiffs, as to all the property except certain thirty-six barrels of high wines and seven barrels of grape brandy, which, being in the distillery warehouse, were held by the court to be exempt from forfeiture. The seizure of the property was made on the 30th of October, 1867. The grounds of condemnation alleged in the information were, that the property mentioned in the information was then in the possession, custody and control of the claimants, for the fraudulent purpose and design above-mentioned. On the trial, it appeared, that a seizure of nearly all of the same property was made by the collector on the 27th of September, 1867; that an information was filed; that a claim and answer was interposed by these claimants; and that the issue thereupon was pending and undetermined.

The only error alleged by the claimants, which their counsel has called to my attention, is the reception of certain evidence to prove the intent, purpose and design of the claimants. on the 30th day of October, 1867, when the seizure took place upon which the present information proceeds. That evidence consisted of acts of fraudulent violation of the revenue laws during the months of March, April, May, June, July, August, September and October, 1867, in this—that the claimants made false returns of the number of gallons of spirits manufactured, and of the quantities of materials used; that certain forty-nine barrels of high wines, upon which the tax had not been paid, were, on the 1st of July, 1867, found and seized under the barn of one of the claimants; and that they had committed other frauds upon the revenue prior to September 27th, 1867. The objection made and now insisted upon and discussed. is, not that the evidence did not tend to prove acts of fraud upon the revenue laws, and attempts to evade the payment of the taxes imposed thereby, but that proof of such acts was inadmissible on these grounds: (1) That the pendency of the other information, and the issue thereupon, precluded inquiry into any such facts occurring prior to September 27th, 1867; (2) that the evidence on the part of the plaintiffs should have been confined to transactions subsequent to September 27th, 1867, because, independently of the pendency of such information and the issues thereupon, the earlier acts occurring in March, April, &c., were too remote to be admissible to prove the intents, purposes and designs of the claimants on the 30th of October, 1867, when the present seizure was made.

In the brief submitted by the counsel for the claimants, it is stated, that evidence was received of acts done by the claimants after the date of the present seizure, October 30th, 1867. I do not find, in the bill of exceptions. that any such evidence was offered, unless it be the tri-monthly returns for that very month; and it is not stated that those returns were made after the seizure. They may have been very important proof of the intent to avoid the payment of the taxes legally due, clearly operating during the whole month to which they related.

1. The pendency of the former information has no possible bearing on the inquiry whether the evidence was admissible. The purpose of the testimony was not to establish such previous forfeiture by adjudication, nor could the liability to the condemnation sought by the former information alter the character of those previous acts. in their tendency to prove the animus or intent of the claimants. Even if such issues had been tried and condemnation had, that fact, even though it absolved the claimants from other or future punishment for the antecedent acts, could have no influence upon the weight of those acts as evidence of the continued and persistent endeavors of the claimants to defraud the government and avoid the payment of taxes. To hold otherwise, would be to say that former and other acts of fraud and evasion of taxes may be received to prove the animus of the parties in the acts under investigation, if such former and other acts are successful, and fraud and evasion are accomplished with impunity, but that, if the government attempts

to punish therefor, it is ever after precluded from giving such acts in evidence. The property seized in the former and pending proceeding had presumptively, on the giving of bonds, or by other lawful means, come back to the possession of the claimants; and, if it is subsequently seized upon a new or distinct ground of forfeiture thereafter arising, the range of time within which it is proper to produce proof of acts showing the intent, purpose and design of the parties, is precisely such as it would be if no such prior seizure had taken place. Their character and their bearing and influence are just what they would be if the government had theretofore been ignorant, or had taken no notice, thereof.

2. The only inquiry, therefore, is, whether, as secondly insisted, it is incompetent to show like acts of fraud and evasion, or acts having the like purpose and intent to defraud and avoid the payment of taxes upon the same property, or the proceeds of the same continuing manufacture, for the purpose of showing the intent, design and purpose of the same parties, in the transactions in question; and, if so, whether the range of seven antecedent months is too broad, as a field of inquiry.

On the general question, the counsel for the claimants hardly insists that no proof of any such acts, other than those in question, can be received, but he does insist that this is true only of contemporaneous acts of like fraud. Even the cases upon which he relies hold, that proof of such acts "at or about" the time of the acts in question is admissible. What shall be the range of inquiry, and what its limitation, cannot be judicially declared, by a fixed rule to be applied to each case. In a large degree, it must depend upon the nature of the transactions, and the circumstances under which they are committed, and, to some extent, also, on their being continuous, in a uniform series or constant repetition, as each occasion therefor arises, down to the time of the acts in question. The period of time, and its limit, must be fixed in the exercise of the discretion of the court, in view of considerations arising on the trial, and of the nature and circumstances of the acts proposed to be proved, and of their relation to, or connection with, as the case may be, the transaction under immediate investigation. To show the animus of the claimants in October, in respect of an intent to defraud the government, and avoid the payment of the tax on spirits distilled by them, I think evidence that, from and including April, in and through each following month, down to the time of the seizure, the claimants persistently and continuously made false returns of the quantity of spirits produced by them. and of the materials used, not only competent, but very high evidence, excluding the idea that their last return was an oversight or mistake, and showing that they were deliberately acting under a constant and abiding purpose to defraud the government and avoid the payment of the legal taxes. Indeed, in such a case, I should not be disposed to exclude evidence, thus continuous, going back to the founding of their distillery, if that was not prior to the revenue law itself, though I might deem it, in a supposable case, discreet to stay the introduction of evidence merely cumulative, because unnecessary and burdensome to the case, and uselessly consuming the time of court and jury.

The cases in the courts of the United States, cited on behalf of the claimants, are quite conclusive as to the admissibility of the evidence, and it is unnecessary to multiply citations to the like effect. In Wood v. U. S., 16 Pet. [41 U. S.] 342, 361, proof of collateral facts tending to show a fraudulent intention are held to be admissible, whenever a fraudulent intention is to be established. There, an information had been filed claiming a forfeiture of certain goods, part of four importations entered in 1839. Proof was received of twenty-five other importations during 1839 and 1840, and the proof was held admissible. The court, not doubting that prior importations were competent, said also: "Fraud in the first importation may be as fairly deducible from other subsequent fraudulent importations by the same party, as fraud would be in the last importation from prior fraudulent importations." In Taylor v. U. S., 3 How. [44 U. S.] 197, proof of transactions six months before the one question was received; and a similar range was allowed in Buckley v. U. S., 4 How. [45 U. S.] 251. I have no doubt upon the subject.

The United States are entitled to judgment of affirmance, and for their costs on the writ of error.